Justin P. Karczag
Nevada Bar Number: 12414
11201 S Eastern Avenue, Suite 100
Henderson, NV  89052
T: 702.637.7110
F: 702.637.7119
E-mail: Jkarczag@foleybezek.com

COUNSEL FOR RESPONDENT


**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**


| | |
|---|---|
| 24 HOUR FITNESS USA, INC., a California Corporation dba 24 HOUR FITNESS<br><br>      Petitioner<br><br>vs.<br><br>FRANK MILLSAP,<br><br>      Respondent | Case No.  2:11-cv-01960-LDG (VCF)<br><br>**MOTION FOR WAIVER OF COMPLIANCE WITH RULE VI(D) OF SPECIAL ORDER 109** |

1

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Respondent Frank Millsap and an additional Respondent, both with nearly identical Petitions to Compel Arbitration, all assigned to this Court, request that this Court waive compliance with Rule VI(D) of Special Order 109 by permitting Respondents to submit just one full copy of the Declaration of Justin P. Karczag in Support of the Response in Opposition to Petitions to Compel Arbitration ("Karczag Declaration"). This is because the disputes against 24 Hour Fitness date back to 2004, and, most recently, a case filed in the Northern District of California, *Beauperthuy v. 24 Hour Fitness*, NDCA #3:06-cv-00715-SC, assigned to the Honorable Sam Conti, since February 2006. Judge Conti has presided over the case, issuing multiple procedural rulings. 24 Hour was unhappy with adverse rulings it received and so it filed 307 competing, duplicative and later-filed Petitions to Compel arbitration in 21 District Courts across the Country. Every District Court to have ruled on the merits of 24 Hour's Petitions through law and motion, save one, has either dismissed them, issued OSCs re dismissal, issued OSCs re Rule 11 Sanctions against 24 Hour, stayed them, or transferred them back to the Northern District of California. In February, 2012, with 24 Hour's consent, Judge Conti appointed a Special Master to determine the exact same issues in dispute here, namely where the arbitration should proceed, which agreement applied and/or was enforceable, and specifically, whether 24 Hour should be enjoined from prosecuting these 307 out-of-District cases.

The Special Master issued his recommendation in early May 2012. That recommendation finds that 24 Hour should be enjoined from prosecuting its nonNDCA cases, including this one, and that the arbitrations are to proceed in an orderly fashion in NDCA. Both sides have briefed it and are awaiting a ruling by Judge Conti.

Because this case has such a substantial procedural history, and so many issues are in dispute between the parties, some resolved that 24 Hour is seeking to get a new Judge to undo, and some as-of-yet-to-be resolved, when Respondents responds to 24 Hour's Petition, the responsive briefing is substantial and is supported by a Karczag Declaration with exhibits that comprise a hefty binder. But, because the material issues and facts as among the Petitions are

2

1  identical, the Responses to the Petitions are also nearly identical.  In fact, every single exhibit in

2  the Karczag Declaration is the same for each Response, save for Exhibit B, which changes.  The

3  format of the Responses is that there is a Response, a Karczag Declaration with substantial

4  exhibits, and, usually, a client declaration with 1-2 exhibits.

5  Based upon counsel's experience in the various District Courts, the Judges Chambers are

6  often not fond of receiving multiple copies of essentially the exact same substantial stack of

7  exhibits.  Consequently, Respondents have been requesting and receiving permission to submit

8  to each Judge just one major exhibit set, the exhibits to the Karczag Declaration, which will

9  apply to all responses, and then a Response, Client Declaration, and Exhibit B, for each of the

10  responses.

11  In this District, Rule IV (D) of Special     Order 109 provides that: "Unless otherwise

12  ordered by the court, Filing Users shall provide to chambers a paper copy of all electronic

13  documents that exceed 50 pages in length."  Each Respondent will be filing or has filed a

14  Karczag Declaration (not all Respondents have filed responses yet because either 24 Hour has

15  not completed service or has only recently completed service), and although certain facts related

16  to a particular Respondent may change, those changes will be reflected in the declaration of that

17  Respondent and reflected in the Response itself   , but the materials attached to the Karczag

18  Declaration and statements contained therein have been prepared in such a way that the Karczag

19  Declaration will be identical for each of the responses, save and except for exhibit B thereto.

20  Exhibit B is the   earlier-filed Petition to Compel Arbitration filed by the particular

21  Respondent in the Northern District of California – all on December 5, 2011 and all before 24

22  Hour filed its duplicative and competing Petitions in this Court (and all of the others).

23  Each of the Respondents has electronically filed or intends to electronically file a

24  Karczag Declaration in support of his or her Opposition to the Petition to Compel Arbitration.

25  But, because the Karczag Declaration and its      exhibits constitute over 415 pages, literal

26  compliance with Rule IV (D) of Special Order 109 would result in the Court receiving over 950

27  pages of documents across at two large binders, with 95% of the material being exact duplicates.

28  (The reason why the materials are nearly entirely identical is because 24 Hour's Petitions are

1    nearly entirely identical.)

2         As a consequence, counsel for Responde nts seeks perm ission to subm it a single

3    complete hardcopy Karczag Declaration and w ould be doing so as part of the *Millsap* Case

4    2:11-cv-01960 filing. For the other Respondent counsel seeks permission to submit to the Court

5    only the Exhibit B to the Karczag Declaration. T hus, with regard to th e Millsap filing, Millsap

6    will fully com ply with Rule VI (D) of Speci al Order 10 9, and provide a com plete copy of

7    Millsap's Response in Opposition to the Petitio n to Compel, a complete copy of the Karczag

8    Declaration (and exhibits) in support thereof, a nd a complete copy of the Millsap Declaration

9    (and exhibits) in support thereof.

10         This Court also has the following identical case assigned to it:

11    *Joeleen Palmeri*       2:11-cv-01958-LDG-CWH

12         And thus, for the *Palmeri* filing, if perm itted by this Court, Respondent will prov ide a

13    complete Response in Opposition to the Petition to Com pel, *only* Exhibit B of the Karczag

14    Declaration, and a complete Respondent Declaration.

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    DATED this 25th day of June, 2012.

26

27

28

4

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | FOLEY BEZEK BEHLE & CURTIS, LLP |
| 4 | |
| 5 | By: /s/  Justin P. Karczag |
| 6 | Justin P. Karczag |
| | Nevada Bar Number: 12414 |
| 7 | 11201 S Eastern Avenue, Suite 100 |
| | Henderson, NV  89052 |
| 8 | T: 702.637.7110 |
| | F: 702.637.7119 |
| 9 | E-mail: Jkarczag@foleybezek.com |
| 10 | COUNSEL FOR RESPONDENT |

ORDER

IT IS  SO ORDERED.

DATED this ___ day of June, 2012.

_____
Lloyd D. George
Sr. U.S. District Judge